FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: | ) Bankruptcy Court No. 03-15217 |
| | ) |
| CORPORATE MEDIA GROUP, INC. | ) |
| | ) Adversary Proceeding No. 03-1174 |
| Debtor, | ) |
| | ) |
| | ) |
| RICHARD AND SUSAN DURAND, | ) |
| | ) Civil Action No. 1:04-mc-04 |
| Plaintiffs, | ) |
| | ) |
| v. | ) Judge Edgar |
| | ) |
| CORPORATE MEDIA GROUP, INC. | ) |
| and AMERICANA PUBLISHING, INC. | ) |
| | ) |
| Defendants | ) |

## RESPONSE AND CROSS-MOTION TO WITHDRAW REFERENCE

Plaintiffs, Richard and Susan Durand ("the Durands"), submit this Response to Americana's Motion to Permit Filing of Answer and Counter-Complaint, or in the Alternative, to Enlarge Time and Plaintiffs' Cross-Motion under 28 U.S.C. §157(d) requesting that the Court withdraw its reference of this cause to the Bankruptcy Court of the Eastern District of Tennessee and state as follows:

1. Americana failed to submit its Answer and Counterclaim to this Court within the time specified by the Order, entered August 5, 2004. Instead, it filed its Answer and Counterclaim with the United States Bankruptcy Court on August 27, 2004.

2. Contrary to Americana's Motion, the Durands would be prejudiced by this Court's acceptance of Americana's Answer and Counterclaim. In its Memorandum, dated August 5, 2004, this Court stated that should Americana fail to timely file its Answer and

Counter-Complaint within the time specified, Americana's motion to vacate the Bankruptcy Court's entry of default would be denied. Acceptance of the Answer and Counterclaim will grant Americana's request to vacate the Bankruptcy Court's entry of default.

3. Turning to Plaintiffs' Cross-Motion, good cause exists, as shown below, for this Court to withdraw the reference of this action to Bankruptcy Court.

4. The matters in this case are not within the core jurisdiction of the Bankruptcy Court.

5. Substantially all of the claims in the Durand's Complaint are "related to a case under title 11." In the Proposed Findings of Fact and Conclusions of Law, dated February 13, 2004, ("Proposed Findings") Bankruptcy Judge Cook concluded that while none of the causes of action in the complaint are within the core jurisdiction of the Bankruptcy Court, "most of them are within [the Bankruptcy Court's] jurisdiction by virtue of being related to a case under title 11, as provided by 28 U.S.C. §157(a)." Accordingly, this Court also has jurisdiction over this action under its general grant of bankruptcy jurisdiction, 28 U.S.C. §1334, as well as upon diversity, 28 U.S.C. §1332(a)(1).

6. In the Proposed Findings, the Bankruptcy Court determined that Count V of the Complaint is not related to a case under title 11 and is therefore entirely outside the jurisdiction of the Bankruptcy Court. However, the Bankruptcy Court suggested that this District Court had supplemental jurisdiction over Count V of the Complaint under 28 U.S.C. §1367.

7. Unlike the Complaint, the Counterclaim filed by Americana in the Bankruptcy Court is not within the core jurisdiction of the Bankruptcy Court, nor is it "related to" a case pending under Title 11. As the Bankruptcy Court noted at the aborted Scheduling Conference, held October 27, 2004, Americana's Counterclaim is just claims by one non-debtor against

another non-debtor with no effect on or relationship with the pending bankruptcy. Accordingly, if this Court allows the Counterclaim to be belatedly filed, but does not withdraw its reference to the Bankruptcy Court, then it will authorize the filing of a Counterclaim that the Bankruptcy Court has no jurisdiction to hear. Unlike the Complaint, which is "related to" the Corporate Media Group bankruptcy proceeding, Americana's Counterclaim has no relation to the pending bankruptcy.

8. The allegations in Americana's proposed Counterclaim were considered and formed part of this Court's ruling in its August 5, 2004 Memorandum and Order. Specifically, the Court stated: "the counterclaims asserted by Americana in its "proposed" Answer to the Durands' complaint would be a meritorious defense to the Durands' claims." Therefore, either Americana's Motion should be denied because the Counterclaim is improper or, if allowed, the reference of this cause to the Bankruptcy Court should be withdrawn.

WHEREFORE, if this Court allows Americana to file its Answer and Counterclaim, then Plaintiffs pray that this Court withdraw the reference of this case to the Bankruptcy Court.

Respectfully Submitted,

McKOON, WILLIAMS & GOLD

By: *James R. McKoon*
James R. McKoon, BPR# 009554
1300 Republic Centre
633 Chestnut Street
Chattanooga, Tennessee 37450
(423) 756-6400
(423) 756-8600 Fax
*Attorneys for Richard and Susan Durand*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon the following by depositing a copy of same in the U.S. mail with sufficient postage affixed thereto to carry same to its destination, addressed as follows:

William M. Foster, Trustee
for Corporate Media Group, Inc.
Foster, Allen, Durrence & Ward, P.C.
555 River Street
Chattanooga, TN 37403

Michael E. Richardson
for Americana Publishing, Inc.
200 East 8th Street
Chattanooga, TN 37402

This 19th day of November, 2004.

McKOON, WILLIAMS & GOLD

By: _____
James R. McKoon

G:\Client Docs\Durand, Rick and Susan\Pleading\p_Mot to withdraw referral of answer and counterclaim.doc